712 P.2d 707

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Terry G. GROVES, Defendant-Appellant.**

**No. 16023.**

Court of Appeals of Idaho.

Dec. 23, 1985.

Lloyd J. Walker, Twin Falls for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Terry Groves appeals from an order of the district court denying his motion to dismiss a prosecutor's information charging him with operating a motor vehicle on May 30, 1983, while under the influence of intoxicants. Because Groves previously had received a misdemeanor conviction for another DUI incident, the instant crime was charged as a felony under I.C. § 49–1102(a), (e). This appeal from an interlocutory order is by permission of the Idaho Supreme Court pursuant to I.A.R. 12. Groves contends that on the date of the offense I.C. § 49–1102 had been repealed and that a replacement statute was not yet in effect. We disagree and affirm the order of the district court.

Idaho Code § 49–1102, as amended by 1980 Idaho Sess.Laws, ch. 165, § 1, p. 353, remained in effect until 1983, despite some intervening legislative attempts to amend the law. In 1983 the Idaho Legislature twice enacted changes in the law which included repeal of the existing § 49–1102. The first such repealer is contained in chapter 145, §§ 13–14 of the 1983 Idaho Session Laws, approved on April 6, 1983, after passage in the Regular Session of the Legislature. This bill contained no emergency clause. The enactment would have become effective as of July 1, 1983. I.C. § 67–510.

Before the effective date of chapter 145, the Legislature met again in Extraordinary Session. The Legislature reconsidered its recent enactment of Chapter 145 and repealed it. See 1983 Idaho Extraord.Sess. Laws, ch. 3, p. 8. Chapter 3 also repealed I.C. § 49–1102 and replaced it with new sections designated 49–1102, –1102A and –1102B. This new legislation was approved May 19, 1983. The Act contained an "emergency declaration" but provided for an effective date of July 1, 1983.

We deem it clear beyond question that when the Legislature in a single bill provides for the repeal of a statute and for its replacement by a new statute, the repealer provisions have no effect until the effective date of the bill. In this case there was no "gap" between the repeal of § 49–1102 and the enactment of its replacement statute. Both events took effect simultaneously on July 1, 1983. The grounds Groves has asserted for dismissal of the charge against him are without merit. Therefore, we affirm the order of the district court and we remand the case for further proceedings.